Jack M. THORNTON, as Trustee in Bankruptcy of the Estate of John F. Scarborough, Jr., Bankrupt, Appellant,

v.

John F. SCARBOROUGH, Jr., Bankrupt, et al., Appellees.

No. 22146.

United States Court of Appeals
Fifth Circuit.

July 12, 1965.

Theo J. McGee, Max R. McGlamry, Columbus, Ga., for appellant.

Cubbedge Snow, Macon, Ga., W. Edward Swinson, Roscoe M. Thompson, Columbus, Ga., for appellees.

Before TUTTLE, Chief Judge, and EDGERTON* and SMITH,** Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from the denial by the trial court, affirming the Referee in Bankruptcy, of orders to bring into the bankruptcy court for administration whatever interests John F. Scarborough, Jr., the bankrupt, may ultimately obtain in the estate of his father, who died four days after the filing of the petition in bankruptcy. The father's will left his entire estate to trustees for his widow for life and thereafter for distribution to such children or descendents of children as might then survive the widow. The question we have before us is whether this created interests in the bankrupt which fit the description of § 70, sub. a

---

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

** Of the Third Circuit, sitting by designation.

of the Bankruptcy Act, Title 11, § 110, sub. a U.S.C.A. of "property * * * which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance."

There are no fact issues before the court. John F. Scarborough, Jr. filed a voluntary petition in bankruptcy on January 24, 1958. He was adjudged a voluntary bankrupt on the following day. On January 28 his father died testate leaving as survivors his wife, Lillie Stephens Scarborough, one son, the bankrupt, and four daughters. The will made certain bequests and then provided that the residuum should be left in trust, the bankrupt and Hines Holt, Sr. being named as Trustees. During the life of the testator's wife, the Trustees were directed to pay to her the entire net income from the trust property and the trustees were authorized to encroach upon the corpus of the trust property to the extent necessary to provide her with proper support and maintenance. The will provided that after the death of the testator's wife, the Trustees were to "divide the trust property into as many equal shares as I have children then living, and deceased children with descendants then living" and pay over one such share to each member of such class. The bankrupt was thus one of five possible remaindermen under the will. The widow is still living and the estate has thus not been disposed of.

The provision of the Bankruptcy Act upon which the appellant predicates his right is the second full paragraph of § 110, sub. a of Title 11 of the U.S.Code. This is § 70, sub. a of the Act. This full paragraph reads as follows:

"All property, wherever located, except insofar as it is property which is held to be exempt, which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance shall vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date when it vested in the bankrupt, and shall be free and dis-

charged from any transfer made or suffered by the bankrupt after bankruptcy."

Since appellant's case is at least partially dependent upon his contention that a gloss on this quoted language is provided by another part of § 70, sub. a of the Act, to wit: numbered Item 5 and numbered Item 7, both contained in the first full paragraph of the Section, we quote the relevant parts:

"(a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title * * * to all of the following kinds of property wherever located * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered * * * (7) contingent remainders, executory devises and limitations, rights of entry for condition broken, rights or possibilities of reverter, and like interests in real property, which were nonassignable prior to bankruptcy and which, within six months thereafter, become assignable interests or estates."

On this state of facts, and under these provisions of the bankruptcy law, the Referee and the district court held that the kind of property described in the second paragraph of § 70, sub. a, contained in the first quotation above, should be read as if it embodied the language contained in (5), that is, "property * * * which * * * [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him * * *" and also embodied the language of (7), that is, "contingent remainder[s] * * which, within six months [after bankruptcy became] assignable." The Ref-

eree and the court then decided, however, that the interest which the bankrupt has in his deceased father's estate, was one which under Georgia law is known as contingent as to the person, was therefore not a vested interest, and was also not property which the bankrupt "could by any means have transferred," and was not an interest that had become "assignable." The court thus held that the appellant, Trustee in Bankruptcy, was not entitled to reach this interest in the estate of John F. Scarborough, Sr.

While applauding the decision of the trial court, the appellees here take the position that it was right for a much narrower reason than that advanced. They contend that since the will left the entire residuary estate to Trustees with legal title vesting immediately in them to administer during the life of the widow and then, after her death, with the duty to ascertain who would be the members of the class then named to take the remainder, there not only could be no "vesting" of any property right but that there was no property right either equitable or legal of any kind in the bankrupt or his fellow contingent remaindermen. They say that the bankrupt had nothing but a possibility of participating in his father's estate if he should survive his mother's death and that such a possibility or expectancy was neither transferable by any means nor assignable under the Georgia laws.

The appellant, on the other hand, contends that the trial court was wrong on all counts except that the court was correct in construing the particular paragraph dealing with property vesting in the bankrupt after bankruptcy and within six months, in the light of the language contained in parts 5 and 7 of § 70, sub. a. Appellant contends that even without consideration of sections 5 and 7 the provisions of the Bankruptcy Act dealing with vesting within six months after bankruptcy were fully satisfied in that Scarborough, Jr., obtained upon the death of his father, a vested interest as a remainderman, which interest was subject to be divested if he did

not survive his mother. Moreover, he says that if this is not sufficient to bring Scarborough's contingent interest into the bankruptcy estate, then, in any event, the interest which Scarborough did receive upon the death of his father was such a one as under the Georgia law was transferable or assignable.

Further, appellant says even if this were not true in the legal sense, Scarborough could have conveyed his interest, even though not legally assignable, and having done so, if and when he ultimately became entitled to take if he survived his mother, he would be prevented by principles of estoppel from denying his conveyance, and thus his interest was one which "he could by any means have transferred."

■ A simple reading of the Bankruptcy Act would, it seems to us, lead to the conclusion that in order for this interest to be subjected to administration in bankruptcy, it would have to satisfy the following requirement: that it was "property * * * which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance." This is the precise language of the statute which purports to deal with a property right which did not exist at the time of the filing of the petition in bankruptcy. We conclude that the word "vests" used here is not a word of art used in determining what kind of property interest the bankrupt acquired upon the death of his father. We think the words "vests in" are synonymous with "is acquired by" or "passes to." Thus, the language may be paraphrased as "all property * * * which is acquired by the bankrupt within six months after bankruptcy by bequest, devise or inheritance * * *." Thus, it must be determined whether the interest acquired by Scarborough was "property" within the meaning of the Bankruptcy Act. No general definition of property is contained in the Act. However, Section 70, sub. a deals extensively with "property" having elements of contingency and elusiveness. We think the trial court, therefore, correctly construed "property" in the second

paragraph of Sec. 70, sub. a in pari materia with "property" in (5), that is "property * * * which prior to the filing of the petition [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him * * *." Subdivision (7) adds nothing to the definition for our purposes because it deals only with interests in real property.

Thus, we agree with the trial court's construction of the language of the second paragraph of 70, sub. a which seems to be supported by the text writers mentioned by the Court: Nadler, The Law of Bankruptcy, § 290 at 264 (1948); 3 Remington on Bankruptcy, § 1217 at 62 (1957); 4 Collier on Bankruptcy, § 70.03, at 941 (14th ed. 1962). The Court approved the language contained in the referee's opinion as follows:

"In order for the interest acquired by the bankrupt within six months after the filing of the petition to pass to the trustee under the second paragraph of Section 70(a), it must be such an interest as would have passed to the trustee had it been owned by the bankrupt at the time the petition was filed. The second paragraph of Section 70(a) does not expand the property which passes to the trustee, nor does it diminish it, it merely extends the time for which the title to property may vest in the trustee, which property was acquired by the bankrupt by bequest, devise or inheritance, within six months after the petition is filed."

█ Both parties agree that the question whether the interest of Scarborough in his father's estate inures to the benefit of the trustee in bankruptcy is to be resolved by state law. The trial court had no difficulty in ascertaining the Georgia law, stating "As the bankrupt owns a contingent remainder interest, contingent as to the person, this Court is bound in determining whether such an interest vests in the bankruptcy trustee by Dismukes v. Bagley, 165 Ga. 665 [141 S.E. 902] (1928)." A statement of the facts in the Dismukes case makes it plain how nearly similar to the instant case it is. There, the testator directed his executors to purchase bonds and to hold them during the life of his wife, paying her the income. Upon her death one-half of the bonds "shall be divided equally between my two sons, Elisha Paul Dismukes, Jr., and Robert Ernest Dismukes, or to their executors or administrators; the other one-half of said bonds shall then be divided equally among all of my grandchildren now born or to be born, prior to the death of my wife * * * except that should any of said grandchildren marry and afterwards die before the division or distribution of said bonds, leaving a child or children, the share of said bonds that would belong to such deceased grandchild, if living, shall be given to the legal guardian of such heirs." In 1927 B. L. Dismukes, the son of Elisha Paul Dismukes, Jr., and a grandson of the testator, was then over twenty-one, married and without child or children. He was one of the grandchildren for whom one-half of the remainder of the bonds was to be held following the death of the widow. He went into bankruptcy and his trustee in bankruptcy sought to recover his interest in a state court suit, which, in effect, is precisely what is sought in this litigation now before this Court. There the Supreme Court of Georgia said:

"The words above quoted, considered with their context, show a testamentary intention to provide for great-grandchildren, the existence and ascertainment of whom could not be determined until arrival of the time for distribution of the estate and remainder at the death of the testator's widow. Until that time it could not be ascertained whether B. L. Dismukes would then be in life or whether he would have children. This would produce a contingency as to the person who would take in remainder, and, consequently, the estate which B. L. Dismukes might derive under item 4 of the

will would be contingent, and would not be a vested remainder."

The Supreme Court of Georgia thereupon affirmed the judgment of the trial court, which dismissed the trustee's suit on general demurrer.

It can hardly be disputed that the Dismukes case, if it stands as the law of the state of Georgia today, requires a holding here affirming the decision of the trial court. The facts are so similar that we find it inappropriate to speculate on whether the Supreme Court of Georgia may have modified its views as to certain underlying legal principles touching on the transferability of contingent remainders unless such change has been translated into a reversal or disaffirmance of the principle announced in the Dismukes case. Certainly this is true in the absence of a clear and unequivocal decision of the Supreme Court that undermines the basis for the court's decision in Dismukes. We find no such decision in Georgia. Dismukes v. Bagley has been cited six times in the Georgia Reports, never critically, and on several occasions with approval. For instance, in the case of Britt v. Fincher, 202 Ga. 661, at 664, 44 S.E.2d 372, at 375, it is cited in support of the proposition that "[i]f, however, the remainder interest was made contingent, not as to an event, but as to the person who was to take in remainder, then, under the provisions of the Code section last quoted, title to the remainder interest could not vest in anyone until the termination of the antecedent estate; and if the remainderman should die before the time arrives when it could be determined who was entitled to take in remainder, he would have no interest which could be transmitted by inheritance to his heirs at law." In Stout v. Massachusetts Mutual Life Insurance Company, 183 Ga. 649, 189 S.E. 248, it was cited in support of a determination by the Supreme Court of Georgia that the trust there being construed had the effect of creating a contingency as to the person who would take in remainder. In Ivey v. Davis et al., 175 Ga. 607, 165 S.E. 605 it was cited as an illustration of a contingent as contrasted with a vested remainder.

At the time the Supreme Court of Georgia decided the Dismukes case, the Bankruptcy statute was in all relevant respects the same, as bearing on the provisions of Section 70, sub. a (5), as it was in 1958, the time when the interest here was created by the death of the testator. Since, as we have stated above, we deal with the provisions of the second paragraph of 70, sub. a as if it embodied the provisions of (5) dealing with property that is "transferable by any means," it makes no difference that in the Dismukes case the testator had already died, leaving B. L. Dismukes whatever interest he owned in the estate prior to bankruptcy. The state court had there before it for a decision whether, under 70, sub. a of the Bankruptcy Act, the bankrupt had such a property right in the estate of his grandfather as would vest in the trustee in bankruptcy as of the date of the filing of his petition. The court necessarily held that no such property right existed because it sustained the action of the trial court in dismissing the trustee's suit on general demurrer.

It is true that the Georgia Supreme Court has more recently expressed the view that the mere fact that the contingent remainder has not vested, does not in all circumstances prevent it from being a transferable right. Appellant here strongly urges our consideration of the case of Erskine v. Klein, 218 Ga. 112, 126 S.E.2d 755, in support of this proposition. There the essential facts were stated by the court as follows:

"Thus, Mary Ann Erskine can receive a life estate and her children receive contingent remainders. The remainder interests of her children were contingent because each child's interest was conditioned upon his or her surviving the life tenant, which created uncertainty as to the persons who would finally take. A contingent remainder is defined as ' *  * one limited to an uncertain person, or upon an event which may or may not happen.' Code § 85–703."

This is precisely the situation in the bequest before us for construction and is similar to the one in Dismukes. Yet, the court said:

"Contingent remainders and life estates being alienable, they could be the subject matter of a conveyance to trustees by Mary Ann Erskine and her children." Erskine v. Klein, 218 Ga. 116, 126 S.E.2d 758.

To be sure, this language of Erskine v. Klein turned out to be obiter dictum because the court held that the trust created by the conveyance there being tested was void as an executed trust under the Georgia decisions. The language quoted above was, therefore, not necessary to a decision of the case. However, the language of the court, so recently written, is consistent with a much earlier decision in Clanton v. Estes, 77 Ga. 352, 1 S.E. 163. However, it is at odds with several other Georgia cases. Harris v. McDonald, 152 Ga. 18, 108 S.E. 448; Watson v. Adams et al., 103 Ga. 733, 30 S.E. 577. This latter case also held that a remainder contingent as to the person could be levied upon.

We recognize that it would be difficult to ascertain what the present law of the state of Georgia is if we were dealing solely with the question of the transferability of a contingent remainder were it not for the binding authority of the Dismukes case. Since that case dealt with the precise question here before us for determination, that is, whether such an interest constitutes property within the meaning of 70, sub. a of the Bankruptcy Act, we are concluded by that decision.

■ With respect to the appellant's further contention that even though the interest of Scarborough might not be legally transferable under the Georgia cases, he nevertheless could make an equitable assignment or could make an assignment that would be valid by principles of estoppel, we can only say that these same theories of transferability were available at the time the Georgia Supreme Court decided the Dismukes

case. See Isler v. Griffin, 134 Ga. 192, 67 S.E. 854, and Harris v. McDonald, supra. Its decision in that case that the interest was not property within the contemplation of Section 70, sub. a concluded the litigants there regardless of the theory employed to bring the interest within the definition. So, too, it stands as decisional authority binding on this Court. We are not in a position to test the soundness of the decision by the Georgia courts, but only to determine what they have decided.

The judgment of the trial court is affirmed.