**Lansing J. ROY, Trustee, Plaintiff,**

v.

**William H. EDGAR, Defendant.**

**Bankruptcy No. 78–0029–E.**

United States Bankruptcy Court,
N. D. Florida,
Gainesville Division.

June 10, 1981.

Lansing J. Roy, Keystone Heights, Fla., for plaintiff.

Jules S. Cohen, Orlando, Fla., for defendant.

## OPINION

N. SANDERS SAULS, Bankruptcy Judge.

THIS CAUSE was submitted and argued upon cross motions for summary judgment, there being no dispute as to any matters of material fact. The debtor, defendant, is the income beneficiary of a testamentary spendthrift trust established under the laws of Michigan by his grandfather's 1932 will which is being administered by the Detroit Bank & Trust Co., as trustee.

Upon the death of his father in 1957, the debtor, as his father's sole issue, became entitled to and began to receive a portion of the testamentary trust income. He continues to receive these income distributions annually as directed by the terms of his grandfather's will establishing the trust. Within a period of six (6) months after the filing of his petition and adjudication, the Detroit Bank & Trust Co., as trustee, distributed to the defendant certain trust income in excess of $40,000.

The plaintiff trustee claims these distributions on behalf of the estate under the second (unnumbered) paragraph of § 70(a) of the Act asserting that they constitute property vesting in the defendant within six (6) months after bankruptcy "by bequest, devise or inheritance".

The defendant disputes the plaintiff trustee's claim arguing (1) that the distributions received from a testamentary trust estate do not constitute property received by "bequest, devise or inheritance"; (2) that the distributions so received do not constitute property which vested in the defendant within six (6) months of his filing; and (3) that the distributions made within the six (6) months period continue to be protected by reason of the spendthrift provisions.

Under the defendant's first argument it is maintained that § 70(a) has no application to the instant factual situation for the reason that distributions of income from a trust estate are not a "bequest" and thus do not come within the express provisions of the statute dealing with property acquired by "bequest, devise or inheritance". The defendant asserts that such distributions are gifts of income received from a separate and independent legal entity, a trust, and thus cannot be considered as property received by any manner of succession.

The parties' arguments and briefs presented no case or other authority wherein the specific issue presented for determination was whether the gift of income from a testamentary trust is a "bequest". Supplemental research leads to the case of *Smith v. City of Providence*, 63 R.I. 333, 9 A.2d 10 (1939) wherein the Supreme Court of Rhode Island specifically addressed this issue.

Although it did not involve the construction of the word bequest as it appears in § 70(a), the *Smith* case is persuasive in its holding that the legal meaning of the word "bequest" encompasses testamentary gifts of income from a trust. The *Smith* case involved a construction of a will which contained a testamentary trust provision and an amendatory codicil. The representative of the beneficiary whose interest had been extinguished by the codicil sought to restrict the meaning of the word "bequest" so as to exclude from the revocatory provisions of the codicil a gift of testamentary trust income originally provided and bequeathed. As aptly stated by the *Smith* court at p. 14, *supra*;

"Courts refer to testamentary gifts of trust income as 'bequests'. This court is no exception."

The United States Supreme Court case of *Irwin v. Gavits*, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897 (1925), cited and relied upon by the defendant herein, clearly affords no support for any contention that a testamentary gift of trust income does not constitute a bequest. The *Irwin* case was also cited and relied upon by the complainant in the *Smith v. City of Providence* case referred to above wherein a similar argument seeking to restrict the meaning of the word bequest was made. As was properly noted by the court in the *Smith* case, the testamentary trust gift involved in the *Irwin v. Gavits* case was termed by the Supreme Court in its opinion as a bequest. *Smith, supra*, 14, 15. When properly read the case of *Irwin v. Gavits* is authority against the defendant in the instant cause.

Similarly the cases of *Klebenoff v. Mutual Life Insurance Company of New York*, 362 F.2d 975 (2nd Cir. 1966) and *Friedman v. McHugh*, 168 F.2d 350 (1st Cir. 1948) constitute no authority for any limitation of the legal meaning of the word "bequest" as urged by the defendant. *Klebenoff* involved no rights created by will and embodied in the terms of a trust. The subject matter there was certain proceeds of life insurance created and transferred by the terms of certain life insurance contracts wholly independent of the terms of any will. *Friedman* involved rights created under a wrongful death statute which rights, again, were wholly independent of any will.

■ This court is of the opinion that the word "bequest" as used in § 70(a) should be construed so to encompass within its meaning gifts received by way of distributions from testamentary trusts, as it has been so construed under the general law of wills. To do otherwise would be to ignore the fact that a testamentary trust is itself a testamentary disposition whereby rights created under a will, together with property dispositions directed thereby, are to be given effect.

Under the defendant's second argument it is maintained that the trust income received was not property that "vested" in him within the six (6) month period after the filing for the reason that his interest with respect to the trust income had already vested way back in 1957 upon the passing of his father who was the defendant's predecessor in interest. He maintains that, as his interest was already vested and protected by the spendthrift provisions of his grandfather's will creating the trust, there was no "vesting" of any property in him within the six (6) month period. This contention raises one of the troublesome issues not clearly settled since the amendments in 1938 to § 70(a), i. e., the meaning of "vesting" within six (6) months in light of varied state laws and case holdings regarding the devolution of property, both real and personal. See, 1 Cowans, *Bankruptcy Law and Practice*, 2 ed., § 342.

The general outline or pattern for the administration of a debtor's property for the benefit of his creditors is set forth in the provisions of § 70(a). A single creditor representative entitled a trustee, for the purpose of administration, is vested with and takes title to all nonexempt property which is owned by a debtor on the date of the filing of his petition and which is of such a nature that it is transferable or leviable. At the outset then, it can be seen that to be subject to administration the property must be nonexempt; the property must be owned by the debtor at the date of his filing, rather than after acquired; and the property must also be a kind of property which is transferable or leviable. See 1 Cowans, *supra*, §§ 342 and 343.

■ As a result, only nonexempt property owned by the debtor as of the date of the petition which is of such a nature as to be transferable or leviable will vest in or pass to the trustee. The transferability or leviability is decided by the law of the state in which the property is located. If either transferable or leviable, the property right or interest will pass to the trustee. Both are not required. 1 Cowans, *supra*, § 360.

■ The foregoing measuring standard of the trustee's rights is applicable to both present and future, legal or equitable, interests or rights. If a debtor, as of the date of the petition, under local law, could have transferred a future interest or right or creditors could have levied, the trustee takes such future right or interest irregardless of whether it is a vested, contingent, executory or other type of interest or right. If such interests or rights, or some of them, are not transferable or leviable under local law they will not pass to the trustee. In some states all future interests or rights of any type are transferable or leviable. In others, while vested interests or rights are transferable or leviable, certain future interests such as contingent rights or interests (commonly contingent remainders) are not. In these states the most common reason for non-transferability or non-leviability is the contingent nature of the interest or right. 1 Cowans, *supra*, §§ 343 and 359.

In view of the divergent laws of the various states as to the transferability or leviability of property, especially future interests, the Fifth Circuit has wisely interpreted the word "vest", as it is used in the "bequest, devise or inheritance" exception paragraph of § 70(a), broadly rejecting any notion that it may be used to draw a distinction between interests which are vested and those which are contingent. *Thornton v. Scarborough*, 348 F.2d 17 (5th Cir. 1965). As a result, the court has retained uniformity of application of the concept central to all of the various provisions of § 70(a), i. e., any determination of a trustee's interest in or right to property is dependent upon whether the interest or right is transferable or leviable under the law of the state involved; and not whether the property right is vested or contingent under such law for the purpose of the application of the Rule Against Perpetuities.

The second (unnumbered) paragraph of § 70(a) is one of the important exceptions to the general rule that only property owned at the date of the petition, as distinguished from that after acquired, passes or vests in the trustee. The *Thornton* case dealt with this exception and the court expressly concluded that the word "vest" is not used therein in the sense of a word of art as used in determining what kind of property has been acquired, but rather it is used as being synonymous with "passes to" or "is acquired by". As stated by the court in *Thornton, supra*, at p. 19:

> "We conclude that the word 'vest' used here is not a word of art used in determining what kind of property interest the bankrupt acquired upon the death of his father. We think the words 'vests in' are synonymous with 'is acquired by' or 'passes to'. Thus, the language may be paraphrased as 'all property . . . which is acquired by the bankrupt within six (6) months after bankruptcy by bequest, devise or inheritance. . . .' "

The court in *Thornton* by implication also adopted a test for the application of this paragraph in its approval of the language of the lower court as follows, at p. 20:

> "In order for the interest acquired by the bankrupt within six (6) months after the filing of the petition to pass to the trustee under the second paragraph of Section 70(a), it must be such an interest as would have passed to the trustee had it been owned by the bankrupt at the time the petition was filed. The second paragraph of Section 70(a) does not expand the property which passes to the trustee, nor does it diminish it, it merely extends the time for which the title to property may vest in the trustee, which property was acquired by the bankrupt by bequest, devise or inheritance, within six (6) months after the petition is filed."

In the *Thornton* case the right acquired by the debtor within the six (6) month period was a contingent remainder under Georgia law. Applying the foregoing test, it was not such an interest as would have passed to the trustee if it had been owned by the debtor at the filing because under Georgia law such contingent remainders were not transferable. If such contingent interests had been transferable under Georgia law it would have passed to the trustee.

In the instant case, the interest or right involved is the defendant's equitable or beneficial interest under a testamentary spendthrift trust. As stated in 1 Cowans, *supra*, § 349, p. 474:

"If state law recognizes spendthrift provisions, denying the beneficiary the right to dispose of his interest and his creditors the right to reach it, the bankrupt keeps his right. This seems unjust to honest creditors but the rationale is that the property was that of the trustor and the law will permit him to dispose of it as he pleases. Only when it becomes property of the bankrupt is it subject to claims of his creditors."

■ Both Michigan and Florida recognize spendthrift provisions *Wyrzykowski v. Hamtramck*, 324 Mich. 731, 37 N.W.2d 686 (1949); *Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603 (1947). As a result, a trustee may not succeed to a spendthrift beneficiary's right to receive future income distributions not yet made and received. But, the trustee here is not seeking to acquire or succeed to such right or interest in future income distributions. His claim is limited solely to those distributions actually made and received by the defendant within the six (6) month statutory period. As set forth in Bogert, *Law of Trusts*, 5th ed., p. 148:

"It has never been the object of the spendthrift trust to restrain the beneficiary from spending income or principal after it has been paid to him by the trustee, or to restrain his creditors from taking trust income or principal from him after he has obtained it from the trustee. The sole object of these trusts is to prevent anticipation of trust income or principal by assignments of the right to receive future income or principal or attempts by creditors of the beneficiary to reach such right."

Moreover as further stated in Bogert, *supra*, at p. 147:

"Such a trust does not involve any restraint on alienability or creditors' rights with respect to property after it is received by the beneficiary from the trustee, but rather merely a restraint with regard to his rights to future payments under the trust."

See also 76 Am.Jur.2d *Trusts*, § 173, 1 Cowans, *Bankruptcy Law and Practice*, § 349.

■ It is true, as vigorously submitted by the defendant, that he acquired a vested right or interest long before the filing of his petition. Upon the passing of his father he acquired or was vested with the beneficial or equitable right to a designated portion of future distributable trust income with the legal title thereto remaining in the trustee of the testamentary trust until so distributed. This equitable right or title was vested in the sense that his right to future distributions of the trust income was fixed and immediate as opposed to being contingent upon some future event not certain of happening. The incident property right of alienation of such interest, was not, however, vested in him inasmuch as his right to receive the income was qualified and restricted by the spendthrift provisions created by the will establishing the trust. Such incident property right of alienation or transferability could only vest in him upon the event of the making of an annual distribution by the trustee as directed and required under the terms of the will and trust. The defendant was vested in interest but not vested in possession. Possession was postponed and did not vest in him until his actual receipt of the income distribution.

Inasmuch as the trustee of the trust made an annual distribution, as required, which occurred within the six (6) month statutory period after the filing of the petition, the right of alienation of the trust income and its possession were vested in the defendant the instant it was received by him. Clearly this was a property right which vested in him within the statutory period as specified in the second (unnumbered) paragraph of § 70(a).

Applying the test of *Thornton v. Scarborough, supra*, to this situation, the interest or property acquired by the debtor within the statutory period was the distributed income he actually received. In the defendant's hands it was transferable or leviable. If it had been so received and held by him at the

time the petition was filed it would have passed to the trustee as it would have been then transferable or leviable. Thus, having been acquired by bequest from the testamentary trust and being of such nature that it would have passed to the trustee if it had been held by him at the time of the filing of his petition, the sums in controversy should be deemed to have passed to the trustee.

Looking to the legislative history of the 1938 amendments to § 70(a) and contemporary comments by various authors concerning the ostensible purposes for such amendments, the defendant further argues that no death of any predecessor, in interest occurred within the six (6) month statutory period to activate any will provision or intestacy statute so as to bestow any property right or interest upon him by "bequest, devise or inheritance". In adopting the amendatory paragraph in 1938, it appears that Congress was principally concerned with the vexing problem encountered by creditors before 1938 of a debtor, having only an expectancy, purely contingent upon the demise of an ancestor, filing a petition, obtaining a discharge of all of his creditors' claims, and then shortly thereafter acquiring considerable property upon his predecessor's demise. Being after acquired property the trustee thus obtained no right thereto for the benefit of prior creditors.

In some states, a similar problem existed with respect to certain rights or interests such as contingent remainders, executory interests, reversions, or other rights which, although not mere expectancies, were nevertheless not considered to be of such dignity so as to be transferable or leviable. If such rights in a particular state were transferrable or leviable, the trustee, of course, acquired the same at the date of the filing of the petition. In those states where such rights or interests were not transferable or leviable, the trustee would not so succeed, yet they might fully ripen into valuable present interests within a short period after the filing of a petition and the discharge of all creditor claims. Quite often the ripening of such an interest or right is by reason of the death of a predecessor in interest but other events may be the occurrence or event which triggers fruition.

In its attempt to deal with this companion problem, Congress also added by way of amendment in 1938 the exception with respect to such rights or interests now embodied in § 70(a)(7). As most of these types of interests or rights are most common with respect to real estate the wording of the amendment dealt only with interests in real property. As a result this left an apparent gap with respect to such rights or interests pertaining to personal property. 4A *Collier*, § 70.37, p. 461; 1 Cowans, *Bankruptcy Law and Practice*, 2 ed., § 359.

The subject beneficial or equitable right or interest herein being related to personalty, the provisions of § 70(a)(7), of course, have no application. The language employed in the second (unnumbered) paragraph, however, is expansive. It contains no specification that the demise of the benefactor or any predecessor in interest must occur within the statutory period.

Accordingly, there being no statutory limitation that a death must occur in order for the provision to apply, if a right or interest derived by "bequest, devise or inheritance" is acquired by reason of any occurrence or event within the statutory six (6) month period and is of such a nature that it is transferable or leviable, then the same may be subjected to the claims of creditors through the office of the trustee. As is clear from *Thornton, supra*, the second (unnumbered) paragraph of § 70(a) does not expand the property which passes to a trustee, it merely extends the time in which it may do so. If the property acquired within the statutory period is of such a nature that it is not transferable or leviable it will not vest in the trustee even though it was acquired by the debtor within the statutory period. Not being transferable or leviable, if it had been received and held on the date of the filing of the petition it still would not have passed to the trustee. On the other hand, if the property acquired is of such a nature that it is transferable or leviable then it will vest in the trustee inasmuch as

it would have vested in him if it had been held on the date of the filing.

◼ Lastly, the defendant contends that the trust income distributions made herein remain within the protection of the spendthrift provisions irregardless of the fact that they were actually made and received. Apparently this assertion confuses what the trustee is claiming. As hereinbefore pointed out, the trustee herein does not seek to obtain the defendant's right or interest in or to future income distributions beyond the statutory period. He seeks only those sums which were actually distributed and received within the statutory period.

Were the trustee claiming the defendant's right or interest to future income distributions beyond the period of six (6) months after the filing, he would fail. The defendant's right or interest to such future distributions is protected under the applicable state law and thus remains neither transferable nor leviable. This may seem unjust to creditors but the rationale adopted by the law of the state, and thus binding herein, is that the property was that of the settlor of the trust and the law of the state would thus permit him to dispose of it as he pleases with such restrictions as he may dictate. See, 1 Cowans, *Bankruptcy Law and Practice*, §§ 349, 360.

Inasmuch as the trustee's claim is limited to those distributions actually made and received within the statutory period, he should prevail as those sums clearly were transferable or leviable upon their receipt, the same as they would likewise have been so transferable or leviable if he had received them on and held them at the time of the filing of his petition.

Order granting summary judgment in favor of the plaintiff shall be entered in accordance herewith.