728 F.2d 1371
 Bankr. L. Rep. P 69,793
In re William H. EDGAR, Debtor.
Lansing J. ROY, Trustee, Plaintiff-Appellee,
v.
William H. EDGAR, Defendant-Appellant.
 No. 83-3036.
 United States Court of Appeals,
Eleventh Circuit.
 March 30, 1984.
 
 Alfred S. Lurey, Kilpatrick & Cody, Atlanta, Ga., for defendant-appellant.
 Lansing J. Roy, Keystone Heights, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before JOHNSON and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William H. Edgar appeals the decision of the district court, which held that when an income distribution from a spendthrift trust is made to one who has within six months of the distribution filed a petition in bankruptcy, the bankruptcy trustee takes title to the distribution under Section 70(a) of the old Bankruptcy Act, 11 U.S.C.A. Sec. 110(a) (repealed 1978).[1] We disagree with the decision below and therefore reverse.
 
 
 2
 When Clinton Goodloe Edgar, grandfather of appellant, died in 1932, he left a will that directed his executors to establish from his residual estate a spendthrift trust for the benefit of his wife, his children and his grandchildren.[2] Among the other interests carved out by the will was an income interest that began paying income to appellant in 1957 on the death of his father. Appellant has received periodic distributions of income from the trust since 1957 and will continue to receive distributions until the trust's termination date or his earlier death. On the date that the trust terminates, the trustee will distribute half of the corpus to appellant if he is living and to his issue if he is dead.
 
 
 3
 On May 5, 1978, appellant filed a petition in bankruptcy. His bankruptcy estate did not include his income or remainder interests in the trust because the spendthrift provision of the trust prevented appellant from transferring these interests, and under the old Bankruptcy Act, 11 U.S.C.A. Sec. 110(a)(5), the bankruptcy trustee takes title only to that property of the bankrupt that can be transferred or levied upon. See Eaton v. Boston Safe Deposit & Trust Co., 240 U.S. 427, 36 S.Ct. 391, 60 L.Ed. 723 (1916). Within six months of his filing in bankruptcy, appellant received a distribution from the trust of $43,218.75. The bankruptcy trustee filed this action in bankruptcy court to recover for the bankruptcy estate the amount distributed from the trust, arguing that the distribution fell within the statutory provision that makes part of the bankruptcy estate all nonexempt property that vests in the bankrupt, by bequest, devise or inheritance, within six months of the filing in bankruptcy. 11 U.S.C.A. Sec. 110(a) (second unnumbered paragraph) (repealed 1978). The trustee claimed that the distribution constituted a "bequest" that "vested" within six months of bankruptcy. Appellant maintained that the distribution did not constitute a bequest under the statute and that, in any case, his interest in the distribution vested prior to the six-month period required by the statute.
 
 
 4
 The parties, agreeing that no dispute existed over factual matters, submitted the case to the bankruptcy court on cross motions for summary judgment. The bankruptcy judge ruled in favor of the trustee in bankruptcy, 11 B.R. 853, and the district court, adopting the opinion of the bankruptcy judge, affirmed. Edgar appeals.
 
 
 5
 Under Section 70(a) of the Old Bankruptcy Act, "[t]he trustee of the estate of a bankrupt ... shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition ... to all of the following kinds of property; ... (5) property, including rights of action, which prior to the filing of the petition [the bankrupt] could by any means have transferred...." 11 U.S.C.A. Sec. 110(a) (repealed 1978). The statute also provides that "[a]ll property, ... which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance shall vest in the trustee ... as of the date when it vested in the bankrupt...." Id. (second unnumbered paragraph). As noted above, the Supreme Court has long held that under this statutory language interests of the bankrupt in a spendthrift trust, because they are not transferable, are immune from inclusion in the bankruptcy estate. Eaton, supra. The issue presented by this appeal is whether the second unnumbered paragraph of Section 70(a) reaches income distributed from a bequeathed spendthrift trust when the income distribution is made within six months of the filing in bankruptcy. The issue raises two questions: whether an income distribution from a bequeathed trust itself constitutes a bequest and, if it does, whether the $43,218.75 distribution in this case vested within six months of the filing of the bankruptcy petition. Our resolution of the second question obviates a decision of the first. Even if the distribution constituted a bequest, appellant's interest in the property did not vest within six months of the filing in bankruptcy.
 
 
 6
 Under the second unnumbered paragraph of Section 70(a), the bankruptcy trustee takes title to any bequest that vests in the bankrupt within six months of the filing in bankruptcy. 11 U.S.C.A. Sec. 110(a) (repealed 1978). Appellant argues that his interest in the income distribution made within six months of bankruptcy actually vested in 1957 on the death of his father. The bankruptcy trustee argues that appellant's interest in the income distribution vested when the distribution was made and became transferable, which was within the six-month period provided by the statute. Both parties claim Thornton v. Scarborough, 348 F.2d 17 (5th Cir.1965), as authority for their view.[3]
 
 
 7
 In Thornton, the bankrupt filed a bankruptcy petition four days before the death of his father who left a will that created a trust, the income of which went to the testator's wife during her lifetime and the corpus of which, after the death of the testator's wife, was to be divided equally among all of the testator's living children and deceased children with descendants then living. Id. at 18. The bankruptcy trustee made a claim on the bankrupt's interest in the estate, and on appeal the question presented was whether the bankrupt's interest in his deceased father's estate--at a time when the widow still lived--was property that vested in the bankrupt, by bequest, devise or inheritance, within six months of the filing in bankruptcy, as provided by the statute. Id. at 17-18. The Court in Thornton held against the trustee. Id. at 19-20.
 
 
 8
 The trustee in this case argues that Thornton stands for the proposition that a beneficiary's interest in bequeathed property becomes "vested" only when the beneficiary obtains a possessory interest in the property with the accompanying right to transfer the interest. He argues that because the interest of the bankrupt in Thornton--a contingent remainder interest--was not possessory and not transferable as a matter of state property law, it was not vested under the statute, and the bankruptcy trustee could not reach it even though the bankrupt had acquired the interest within the six-month time period provided by the statute.
 
 
 9
 This interpretation of Thornton is incorrect. The Court there stated that
 
 
 10
 the word "vests" used here is not a word of art used in determining what kind of a property interest the bankrupt acquired upon the death of his father. We think the words "vests in" are synonymous with "is acquired by" or "passes to." Thus, the language may be paraphrased as "all property ... which is acquired by the bankrupt within six months after bankruptcy by bequest, devise or inheritance ...."
 
 
 11
 Id. at 19.[4] The Court then considered whether the property that "vested" or "was acquired" within the six-month period was the kind of property subject to the statute. The Court concluded that the word "property" in the second unnumbered paragraph of Section 70(a) ("property ... which vests in ...") must be defined "in pari materia with 'property' in (5), that is 'property, ... which prior to the filing of the petition [the bankrupt] could by any means have transferred ....' " Id. at 19-20 (quoting 11 U.S.C.A. Sec. 110(a)(5) (repealed 1978)). Thus, the only property acquired within six months of bankruptcy that is reachable by the bankruptcy trustee under Section 70(a) is property that is transferable.[5] Because under Georgia law the interest of the bankrupt in Thornton was not transferable, it did not qualify as "property" under the old Bankruptcy Act. 348 F.2d at 20-21. Thus, Thornton concluded that the bankrupt's interest vested within the six-month period because it was acquired in that period, but held that it was inaccessible to the bankruptcy trustee because it was not the kind of property subject to the Act--under state law, it was not transferable property.
 
 
 12
 Thornton governs the case now before this Court, and, as in Thornton, the bankruptcy trustee must lose, although for a different reason. In Thornton, the interest vested within the six-month period, but was not transferable and so not "property" within the meaning of the statute. In this case, the interest vested years before the bankrupt filed his petition in bankruptcy. The vested interest merely became transferable within the six-month period.[6]
 
 
 13
 The decision of the district court is REVERSED and the case is REMANDED to the district court with directions to enter judgment for the appellant.
 
 
 14
 R. LANIER ANDERSON, III, Circuit Judge, dissenting:
 
 
 15
 I respectfully dissent. Thornton v. Scarborough, 348 F.2d 17 (5th Cir.1965), indicates that the term "vests" in the statute is not a word of art; rather, the term means simply "was acquired." I would hold here that the income distributed to the bankrupt-appellant within six months of his bankruptcy "was acquired" at the time of the distribution. To hold that the bankrupt "acquired" his interest only at the time of his father's death, as the majority does, is to treat the term as a word of art in violation of the Thornton rationale. Under archaic principles of the common law of property, the bankrupt's interest may well have "vested" at the date of his father's death in 1957, or perhaps in 1932 when his grandfather died. I respectfully suggest, however, that the common understanding of the term "acquire" would indicate that the bankrupt "acquired" the property upon distribution.
 
 
 16
 Because I would also conclude that the income distribution was acquired by bequest or inheritance, I would affirm the judgment of the district court.
 
 
 17
 I dissent.
 
 
 
 [1]
 Because the debtor filed his petition in bankruptcy prior to the effective date of the new Bankruptcy Reform Act, the old Act rules this case. Pub.L. No. 95-598, Sec. 403(a), 92 Stat. 2549, 2683 (1978)
 
 
 [2]
 "A trust in which by the terms of the trust or by statute a valid restraint on the voluntary and involuntary transfer of the interest of the beneficiary is imposed is a spendthrift trust." Restatement (Second) of Trusts Sec. 152(2) (1959)
 
 
 [3]
 The parties correctly looked to Thornton as binding authority. The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent, which is binding unless and until overruled or modified by this Court en banc. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)
 
 
 [4]
 Thornton's interpretation of the statute has been specifically approved by another circuit. See In re Detlefsen, 610 F.2d 512, 518-19 & n. 18 (8th Cir.1979); see also Young v. Handwork, 179 F.2d 70, 74 (7th Cir.1949)
 
 
 [5]
 The statute also extends to property that "might have been levied upon and sold under judicial process ... or otherwise seized, impounded or sequestered ...," 11 U.S.C.A. Sec. 110(a)(5), but this provision is irrelevant to this appeal
 
 
 [6]
 The district court reasoned that the bankrupt did acquire within the six-month period of the statute a transferable property interest. The court recognized that long before bankruptcy the bankrupt acquired an interest in the trust income. The court, however, emphasized that the bankrupt did not acquire a possessory interest in the income. When he received the income distribution, according to the district court, he acquired a new property interest, a possessory interest that makes transferable the bankrupt's interest in the income produced by the trust and distributed to him and so brings it within the terms of the statute and makes it part of the bankruptcy estate
 This approach confuses the proper analysis. In 1957, the bankrupt acquired income and remainder interests in the spendthrift trust. Periodically, his interest in a portion of the income produced by the trust became transferable because income was distributed to him. By this distribution, the bankrupt did not acquire a new interest in new property; the nature of his interest in the trust income simply changed because he gained possession of some of the income created by the trust.