R. LANIER ANDERSON, III, Circuit Judge,
dissenting:
I respectfully dissent. Thornton v. Scarborough, 348 F.2d 17 (5th Cir.1965), indicates that the term “vests” in the statute is not a word of art; rather, the term means simply “was acquired.” I would hold here that the income distributed to the bankrupt-appellant within six months of his bankruptcy “was acquired” at the time of the distribution. To hold that the bankrupt “acquired” his interest only at the time of his father’s death, as the majority does, is to treat the term as a word of art in violation of the Thornton rationale. Under archaic principles of the common law of property, the bankrupt’s interest may well have “vested” at the date of his father’s death in 1957, or perhaps in 1932 when his grandfather died. I respectfully suggest, however, that the common understanding of the term “acquire” would indicate that the bankrupt “acquired” the property upon distribution.
Because I would also conclude that the income distribution was acquired by bequest or inheritance, I would affirm the judgment of the district court.
I dissent.