**In the Matter of Mary Ellen HECHT, M.D., formerly d/b/a the Hecht Group, Debtor.**

**Albert TOGUT, as Trustee in Bankruptcy for Mary Ellen Hecht, M.D., formerly d/b/a the Hecht Group, Plaintiff,**

v.

**Mary Ellen HECHT, M.D., and the Mercantile Safe-Deposit & Trust Company, Defendants.**

**Bankruptcy No. 82 B 10438.
Adv. No. 84–5382A.**

United States Bankruptcy Court,
S.D. New York.

Oct. 21, 1985.

Togut, Segal & Segal, New York City, for trustee.

Sudler and Barth, New York City, for Mary Ellen Hecht.

Winick and Rich, P.C., New York City, for Mercantile Safe-Deposit and Trust Co.

## DECISION AND ORDER ON DEBTOR'S MOTION TO DISMISS COMPLAINT

BURTON R. LIFLAND, Bankruptcy Judge.

On March 8, 1982, Dr. Mary Ellen Hecht ("Hecht") filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978 ("Code"), seeking to liquidate and distribute the assets of her estate. Since the filing of her petition, Hecht, as the beneficiary of two spendthrift trusts, has continued to receive income payments generated by the trusts, but has not included these payments, or any part thereof, as property of the estate.

Albert Togut, who was appointed permanent trustee (the "Trustee"), commenced this adversary proceeding seeking to recover distributed trust income from Hecht and Mercantile Safe-Deposit & Trust Co. ("Mercantile"), the trustee of the spendthrift trusts.[1] Hecht moved to dismiss the Trustee's complaint. In accordance with Fed.R. Civ.P. 12(b)(6) and Bankruptcy Rule 7012(b)(6), Hecht's motion is being treated as one for summary judgment. The parties were given a reasonable opportunity to present all material pertinent to such a motion and have exchanged numerous memoranda.

The issues presently before this Court are:

---

1. Hecht and Mercantile were both named as defendants in the Trustee's complaint. Mercantile was included as a party only because the Trustee sought to have this Court direct Mercantile to pay funds to the Trustee if the Trustee succeeded in obtaining the turnover of income payments. The Trustee has not asserted any claim against Mercantile for breach of fiduciary duties. Mercantile is therefore not a real party in interest in this case.

1) whether the Trustee is barred by the doctrine of laches from proceeding with this action;

2) whether the laws of the State of Maryland or New York are applicable in determining the validity of the spendthrift trust provisions;

3) whether the trustee under § 541(a)(5)(A) of the Code is entitled to any of the post petition payments received by Hecht, and if so, in what amount; and

4) whether requiring Hecht to turn over funds to the Trustee contravenes the Code's "fresh start" policy.

## FACTS

Hecht is one of four beneficiaries of two spendthrift trusts which were created in the separate wills of Hecht's grandparents, Moses S. Hecht and Blanch N. Hecht. The wills provide that the remainders of the Hechts' estates were to be placed in trust and that the appointed Trustees were to divide the trust into four equal parts for the benefit of the Hechts' four grandchildren. The wills further provide that the income from the four trusts is to be paid in equal monthly installments. Both wills state:

> Except as otherwise in this will provided, whenever and wherever I have herein provided for payments to be made, I do hereby direct that said payments shall be made into the hands of the respective beneficiaries thereunto entitled and not in the hands of any other, whether claiming by authority of such beneficiaries or otherwise, my will and direction being that no beneficiary shall be entitled at any time to alienate, anticipate or encumber his or her share of the income or principal, and that the same shall at no time be taken or attached for his or her debts....

Last Will and Testament of Blanch H. Hecht at 13; Last Will and Testament of Moses S. Hecht at 18–19. The wills also specifically provide that "the Trusts created by this, my Last Will and Testament, shall be Maryland Trusts and that *all questions pertaining to their validity, construction, and administration shall be determined in accordance with the laws of the State of Maryland*" (emphasis added). Last Will and Testament of Blanch H. Hecht at 18; Last Will and Testament of Moses S. Hecht at 22.

The two trusts provide Hecht with a combined annual income of approximately $68,000 and are administered by Mercantile, which has its place of business in Maryland. Since the filing of the petition, Mercantile has continued to pay Hecht the income generated by the trusts.

## CONTENTIONS OF THE PARTIES

Hecht contends that the Trustee's cause of action is barred by the equitable doctrine of laches and should therefore be dismissed because of an alleged failure to promptly commence this action. Even if this action is not dismissed, Hecht claims that the Trustee is not entitled to any portion of the trust income. Hecht argues that the transfer restriction found on spendthrift trust income under Maryland law applies and precludes the Trustee from claiming any portion of such income. Hecht also argues that requiring the turnover of any trust income will result in extreme hardship to her which contravenes the fresh start policy found in the Code.

The Trustee contends that this action was timely commenced within two years of his being appointed permanent trustee, and that his claim is not barred by laches. He asserts that the trust income is property of the estate under Section 541 of the Code, and that as a judicial lien creditor under § 544, he is entitled to recover these post petition income payments.

The Trustee contends that New York and not Maryland law applies, and that under N.Y.Civ.Prac.Law § 5205 (McKinney 1984), he is entitled to 10% of all future income and any portion of the remaining 90% that exceeds the debtor's reasonable living requirements. Alternatively, the Trustee argues that if Maryland law does apply, he is entitled to recover pursuant to § 541(a)(5) the actual income of approximately $34,000 received by Hecht in the 180 days following the filing of the petition. Finally, the Trus-

tee claims that the turnover of any income payments does not contravene the Code's fresh start policy.

For the following reasons, this Court grants summary judgment as a matter of law to the Trustee and holds that the Trustee can recover the income Hecht actually received or was entitled to receive by the terms of the trusts, and which Mercantile was obligated to distribute, in the 180 days following the filing of the petition. A further hearing shall be held to determine the amount which must be turned over to the Trustee.

DISCUSSION

1. The Trustee's Action Is Not Barred by Laches.

■ Section 546(a) of the Code provides: An action or proceeding under section 544 ... may not be commenced after the earlier of (1) *two years after the appointment of a trustee under Section 702....* (Emphasis added.)

The Trustee was appointed permanent trustee on April 15, 1982 and commenced this action on March 9, 1984, less than two years after his appointment. This action, therefore, is not time barred by the statute of limitations in § 546(a).

■ Neither is it barred by the doctrine of laches, which considers the following factors: (1) proof of delay in asserting a claim despite the opportunity to do so; (2) lack of knowledge on the defendant's part that a claim would be asserted; and (3) prejudice to the defendant by the allowance of the claim. *Rapf v. Suffolk County of New York*, 755 F.2d 282, 292 (2d Cir.1985). In the present case, the Trustee filed this action within the appropriate time period; Hecht was aware that the Trustee would attempt to recover property of the estate in order to make distributions to creditors; and Hecht has not shown that the allowance of a claim contemplated by the Code would result in prejudice to her. Furthermore, it is apparent that the Trustee has not "inexcusably slept on his rights so as to make a decree against [Hecht] unfair." *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 65 (2d Cir.1983). Thus laches

is not a valid defense to the Trustee's action.

2. Maryland Law Determines the Enforceability of the Spendthrift Trust Provisions.

■ Code § 541(a)(1) defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Spendthrift trusts, however, are excluded from this otherwise broad coverage by § 541(c)(2) which provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." The legislative history of § 541(c)(2) demonstrates that the drafters intended to preserve the traditional status of spendthrift trusts. H.R.Rep. No. 595, 95th Cong., 1st Sess. 369 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 83 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5869, 6325. *See also In re Reuben F. Leimer*, 54 B.R. 587, 13 B.C.D. 293, 294 (D.Neb.1985) ("a debtor's interest in a valid spendthrift trust is not to be included as property of his bankruptcy estate").

Maryland law is the applicable nonbankruptcy law referred to in § 541(c)(2) which governs the validity and operation of the spendthrift trusts and the trustee's right to future or already distributed income. Section 271(a) of the Restatement (Second) Conflict of Laws states that "[t]he administration of a trust of interests in movables created by will is governed as to matters which can be controlled by the terms of the trust by the local law of the state designated by the testator to govern the administration of the trust." *See also* Restatement (Second) Conflict of Laws § 269(b)(i) ("The validity of a trust of interests ... created by will is determined as to matters that affect only the validity of trust provisions ... by the local law of the state designated by the testator to govern the validity of the trust, provided that this state has a substantial relation to the trust.") In *Rousseau v. United States Trust Company of*

*New York,* 422 F.Supp. 447 (S.D.N.Y.1976), the Court found that "[t]he administration of a testamentary trust is governed by the law of the state designated by the testator to govern its administration." *Id.* at 460.

■ The will creating the Hecht trusts specifically states that Maryland law is to govern "all questions pertaining to their validity, construction and administration." Moreover, the trusts were created in Maryland and are administered by Maryland trustees.[2]

A spendthrift trust prevents the beneficiary from transferring his right to future payments of income or capital; the creditors of the beneficiary are also prevented from attacking the beneficiary's interest to satisfy their claims. *See* G. Bogert, Handbook of the Law of Trusts § 40, at 147 (5th ed. 1973). In *Medwedeff v. Fisher,* 179 Md. 192, 17 A.2d 141 (1941), the court stated:

> There can be no doubt, under the decisions of this State from Smith v. Towers ... to date, that the language of this will: "I direct that all moneys paid to any beneficiary shall be paid into his or her hands and not into the hands of any other howsoever claiming, and without the right of anticipation," creates a spendthrift trust, which the beneficiary cannot assign nor any of the creditors disturb.

179 Md. at 195–96; 17 A.2d at 143. Maryland generally recognizes the validity of spendthrift provisions and will prevent creditors from reaching funds held in trust for a debtor. *Hoffman Chevrolet, Inc. v. Washington County National Savings Bank,* 297 Md. 691, 467 A.2d 758 (C.A.Md. 1983).[3]

■ The language used in the *Medwedeff* trust, which was found to create a valid spendthrift trust, is almost identical to the language used in the Hecht trusts. The Hecht trusts therefore qualify as spendthrift trusts. Hecht's creditors or the Trustee cannot reach the trust corpus. Moreover, income remaining in the hands of the trustee (Mercantile) cannot be reached until it is actually paid over to the beneficiary. *Smith v. Towers,* 69 Md. 77, 14 A. 497 (1888). *See also Hoffman Chevrolet, Inc.,* 297 Md. 691, 467 A.2d 758 (C.A. Md.1983).

Once income is received by the beneficiary or the beneficiary is entitled to receive it under the terms of the trust, the income is no longer entitled to spendthrift protection. *Fetting v. Flanigan,* 185 Md. 499, 45 A.2d 355 (1946) (It is clear that money received by the spendthrift beneficiary is available for claims of creditors.). *See also* G. Bogert, Handbook of the Law of Trusts, § 40 at 148 (5th ed. 1973) ("It has never been the object of the spendthrift trust to restrain the beneficiary from

---

2. Even though the wills specifically indicate that Maryland law is to be applied, the Trustee argues that New York law is applicable because (a) the debtor is domiciled in New York; (b) the Chapter 7 petition was filed in New York; (c) the Trustee is domiciled in New York; (d) 39 of the 55 scheduled creditors are located in New York; (e) nearly 90% of the debt is owed to creditors in New York; and (f) at the time Hecht filed her petition, five creditors had commenced actions against her in New York state courts. The Trustee has amply demonstrated that the *petition* itself was properly filed in New York. The trusts, however, were created in Maryland by Maryland settlors, with a Maryland trustee and with a res located in Maryland. The trusts are also administered in Maryland. Even if Maryland law had not been designated as the law to be applied to questions of validity and construction, this Court would nonetheless have applied Maryland law. *See Spindle v.*

*Shreve,* 111 U.S. 542, 547, 4 S.Ct. 522, 524, 28 L.Ed. 512 (1883) (local law to be applied in cases of personalty is that where the trust was created or is to be administered). *See also In re Vogel,* 16 B.R. 670, 672 (Bankr.S.D.Fla.1981).

3. Invasion of the trust res or corpus is allowed for certain public policy reasons. For example, a spendthrift trust beneficiary is not protected against claims for alimony and child support because the claims are not made by "creditors." *See Safe Deposit & Trust Co. v. Robertson,* 192 Md. 653, 65 A.2d 292 (1949) (spendthrift provisions effective against creditors but not necessarily against dependants). The spendthrift trust beneficiary is also not protected against the claims of the United States for income taxes payable on the income. *Mercantile Trust Co. v. Hofferbert,* 58 F.Supp. 701, 705 (D.Md.1944); *United States v. Mercantile Trust Co.,* 62 F.Supp. 837, 839 (D.Md.1945).

spending income or principal after it has been paid to him by the trustee, or to restrain his creditors from taking income or principal from him after he has obtained it from the trustee."). The income actually received by Hecht or to which Hecht was entitled by the terms of the trust during the 180 day period following the filing of the petition is not shielded from the Trustee's avoiding powers.

3. Income Payments Received by Hecht 180 Days After the Filing are Property of the Estate.

Code § 541(a)(5)(A) provides that property of the estate includes:

Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date (A) by bequest, devise, or inheritance.

Section 541(a)(5)(A) allows the Trustee, who already has the powers of a judicial lien creditor under § 544,[4] to treat an interest in property which the debtor obtained by bequest in the 180 days after a petition is filed as property of the estate. Not only may the Trustee reach back to collect all legal and equitable interests of the debtor as of the commencement of the case; he may also reach forward under § 541(a)(5)(A).

Section 541(a) derives from § 70(a) of the Bankruptcy Act of 1898 (repealed 1978) ("Act"), although § 541(a) provides a much broader definition of interests constituting property of the estate. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983) ("§ 541(a)(1) is intended to include in the

estate any property made available to the estate by other provisions of the Bankruptcy Code"). Section 70(a) of the Act focused on the vesting of interests, and looked at the transferability or leviability of the debtor's interest in determining whether property became property of the estate. *In re Crenshaw*, 44 B.R. 30, 32 (Bankr.N.D.Ala. 1984) (citing *In re Edgar*, 728 F.2d 1371 (11th Cir.1984), *rev'd on other grounds*, 51 B.R. 554 (N.D.Ala.1985). *See also In re Graham*, 726 F.2d 1268, 1271 (8th Cir. 1984).

In *Edgar*, the Eleventh Circuit used this transferability-leviability standard and held that income received by the beneficiary-debtor of a spendthrift trust during the 180 days after the filing of the petition did not become property of the estate. 728 F.2d at 1374. The dissent stated "I would hold here that the income distributed to the bankrupt-appellant within six months of his bankruptcy 'was acquired' at the time of distribution." *Id.*

The transferability-leviability standard applied under the Act has been criticized. *See In re Goff*, 706 F.2d 574, 578 (5th Cir.1983). *See also In re Edgar*, 728 F.2d 1371 (11th Cir.1984) (dissent). Under the Code, this standard has been entirely abandoned. *In re Graham*, 726 F.2d at 1271. The Code provides instead that "all legal and equitable interests of the debtor in property" become property of the estate. Section 541(a)(5)(A) plainly refers to interests which the the debtor "acquires or becomes entitled to acquire," and avoids any reference to the term "vest." To this Court, the common understanding of the term "acquire" means that trust income is "acquired" by the beneficiary at the time the income distribution is made.[5]

---

4. Section 544 provides in part:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case,

and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists.

5. If this Court were to follow the majority opinion of the Eleventh Circuit in *Roy v. Edgar*, it would be rewriting the law on spendthrift trusts by protecting from attachment by creditors in-

■ The Eleventh Circuit in *Edgar* did not address the question whether income from a testamentary trust constitutes a bequest as that term is used in § 541(a)(5)(A). 728 F.2d at 1372. The bankruptcy court in *Edgar* stated, however, that "a testamentary trust is itself a testamentary disposition whereby rights created under a will, together with property dispositions directed thereby, are to be given effect" and determined that "'bequest' encompasses testamentary gifts of income from a trust." 11 B.R. at 855–56. *See also Smith v. City of Providence*, 63 R.I. 333, 9 A.2d 10 (1939). The income payments Hecht received or was entitled to receive by the terms of the trust within 180 days of the filing of the petition constitute bequests and become property of the estate under § 541(a)(5)(A). A further hearing is necessary so that this amount may be determined.

4. The Turnover of Income Entitlement Does Not Contravene the Fresh Start Provisions of the Code.

■ The fresh start policy found in the Code is meant to "free [debtors] from creditor harassment and free [them] from the worries and pressures of too much debt." H.R.Rep. No. 595, 95th Cong., 1st Sess. 125 (1977). *See also Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971) (fresh start to provide debtors a new opportunity in life); *In re Wheeler*, 38 B.R. 842, 845 (Bankr.E.D. Tenn.1984) (fresh start to free debtor from the obligations and responsibilities consequent upon business misfortunes).

A balance must be struck, however, between the fresh start debtors are to be given and the bankruptcy policy of distribution of the debtor's property to creditors. The Trustee must be allowed to bring all property together for a coherent evaluation of its value and transferability, and then to dispose of it for the benefit of the debtor's creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 175 (1977). Because § 541 plainly treats an interest in trust income acquired through bequest within 180 days of the filing of the petition as property of the estate, it cannot be argued that turnover would interfere with the fresh start of the debtor. Ordering the turnover of income received or entitled to be received by Hecht does not contravene the Code. Clearly, if Congress intended certain kinds of property to be used for the benefit of creditors, it could not also have intended that same property to be used by the debtor to rehabilitate herself and to get a "fresh start."

For the reasons set forth above, the motion for summary judgment is granted with respect to the Trustee's entitlement to an order directing turnover of those funds which Hecht actually received or was entitled to receive in accordance with the terms of the trust within the 180 days following the filing of the petition.[6] A further hearing shall be scheduled to determine this amount unless the parties can otherwise stipulate. The other elements of the Trustee's prayer for relief are denied.

It is SO ORDERED.

---

come actually received by the beneficiary. The case law plainly shows that once income is in the hands of the beneficiary, it loses spendthrift trust protection. *Fetting v. Flanigan*, 185 Md. 499, 45 A.2d 355 (1946); *Smolin v. First Fidelity Savings & Loan Association, Inc.*, 238 Md. 386, 209 A.2d 546 (1965).

**6.** None of the parties have provided this Court with the specific income distributions which Mercantile made or was obligated to make to Hecht or the dates on which the distributions were made.