R. W. DUNEPHANT, Respondent, v. AMANDA V. DICKSON and MISSISSIPPI VALLEY TRUST COMPANY, TRUSTEE, Appellants.

St. Louis Court of Appeals, December 30, 1910.

1. TRUSTS: Spendthrift Trusts: May Be Created. A spendthrift trust, limiting the right to alienate, and placing the proceeds of the estate beyond seizure by creditors of the *cestui que trust* during his life, may be created in this state.

2. ————: ————: Heaton v. Dickson, Post, Followed. Following Heaton v. Dickson, Post, it is *held* the will under consideration did not create a spendthrift trust.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*Harry H. Haeussler* and *Chas. J. Macauley* for appellants.

*W. Christy Bryan* and *O. L. Cravens* for respondent.

NORTONI, J.—This is a proceeding in equity in the nature of a creditor's bill or equitable garnishment. The finding and decree were for plaintiff and defendant prosecutes the appeal.

Defendant Amanda V. Dickson is the beneficiary of a trust estate, settled to her use by her father in his will. Defendant Mississippi Valley Trust Company is trustee, in which resides the legal title to the trust estate. John Maguire was the original trustee under the will but upon his death defendant Trust Company succeeded him as such. The trust estate consists of certain real property which affords an income. By direction in his will, the donor stipulated, substantially, that defendant Amanda V. Dickson, who is his daughter, should receive quarterly, from the trustee, one-fifth of the net income from the rental of such real estate for the period of her natural life. Plaintiff obtained a judgment at law on an indebtedness against defendant, Mrs. Dickson, but was unable to collect the same, as she had no property in this state subject to execution or attachment. Mrs. Dickson is insolvent under our law. Except for her equitable estate in income from the trust property above mentioned, she is wholly without means in Missouri. It appears, too, Mrs. Dickson is a nonresident of the state and has been for several years last past. The suit proceeds by a bill in equity seeking to sequester a sufficient amount of Mrs. Dickson's one-fifth interest of the net income from the trust estate to pay plaintiff's judgment and costs.

In the trial court, plaintiff prevailed, and on appeal the only question presented for decision relates to the character of the trust created by the will. If it be a spendthrift trust, then, of course, Mrs. Dickson's equitable interest in the income from the trust estate may not be sequestered in this proceeding, as it is competent in this state for the donor to create such a trust and thereby limit the right of alienation and place the proceeds of the estate beyond seizure by creditors during the life of the *cestui que trust.* [Partridge v. Cavender, 96 Mo. 452, 9 S. W. 785; Lampert v. Haydel, 96 Mo. 439, 9 S. W. 780; Pickens v. Dorris, 20 Mo. App. 1; Lampert v. Haydel, 20 Mo. App. 616.]

It is earnestly argued by defendant that the donor's will, though not setting forth a limitation upon the right of alienation or reserving the income of the trust property from creditors in express terms, clearly imports such to be his intention and that therefore a spendthrift trust is created which renders the income of the estate immune against the attempt to sequester it, for the reason the clear and undoubted intention of the donor is to be effectuated though not expressed in positive terms. [26 Am. and Eng. Ency. Law (2 Ed.), 141, 142.] We have set forth the material portion of the will referred to in the companion case of Heaton v. Dickson and Mississippi Valley Trust Company, the same defendants, decided today and reported in 153 Mo. App. 312, to which reference is made for further information in that behalf. The arguments presented here have been fully considered in that case and the theory of a spendthrift trust rejected. It is clear that there are no express words in the will which restrain Mrs. Dickson, the *cestui que trust,* from alienating or anticipating the income of the estate or in any manner reserve the income, free from the claims of creditors. Neither is there a clear and undoubted intention of the donor to that effect manifested by the instrument.

In accordance with the views expressed in the case cited, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.