**UNIVERSITY NATIONAL BANK, A Colorado Banking Corporation, Plaintiff–Appellee,**

v.

**Allen L. RHOADARMER, Kenneth G. Schoot, and Virginia Harsh, d/b/a Three Star Investments, Defendants,**

**and Concerning Garnishee, J. Kenneth Harsh Trust, Dee Ann Standiferd, Trustee, Appellant.**

No. 90CA1468.

Colorado Court of Appeals, Div. V.

Aug. 29, 1991.

Rehearing Denied Oct. 3, 1991.

Certiorari Denied March 23, 1992.

Stuart W. Olive, Schure, Olive and Gavaldon, Fort Collins, for plaintiff-appellee.

No appearance for defendants.

Arthur P. Roy, Greeley, for appellant.

Opinion by Judge NEY.

Garnishee, J. Kenneth Harsh Trust, appeals a judgment entered by the trial court in favor of plaintiff, University National Bank. We reverse.

The Bank, as judgment creditor of Virginia Harsh, sought to reach, by a writ of garnishment, her beneficial interest in the Trust. Relying on *In re Estate of Colman*, 35 Colo.App. 390, 535 P.2d 227 (1975), *aff'd*, 191 Colo. 242, 552 P.2d 1 (1976), the trial court concluded that the Bank was entitled to an award based on Virginia Harsh's non-cumulative right to withdraw annually from the Trust corpus, upon written request, up to $5,000 or 5% of the current market value. Because the Bank's garnishment was served in 1989 and hearing on the traverse was held in 1990, an award of $10,000, the amount equal to the value of two years of Virginia Harsh's rights, was made.

The trial court further concluded that the spendthrift clause in the Trust did not prohibit this invasion of principal.

## I.

■ The Trust first contends that the trial court erred in treating the unexercised right to withdraw, a general power of appointment, as a property right subject to garnishment. We agree.

Section 13–54.5–103(2), C.R.S. (1987 Repl. Vol. 6A) sets forth property or earnings subject to garnishment:

"Any indebtedness, intangible personal property, or tangible personal property capable of manual delivery, other than earnings, owned by the judgment debtor...."

We agree with the Trust's characterization of Virginia Harsh's right to the annual discretionary disbursement of funds from principal as a power of appointment. A power of appointment is a power of disposition created by an instrument which directs how the donee of that power is to exercise the disposition. The power here is similar to the power characterized by this court as a power of appointment in *In re Estate of Colman, supra*.

Further, we agree with the Trust's contention that a power of appointment is neither property nor a property right. Rather, it is a mere right or power, a personal privilege or authority. *Krausse v. Barton,*

430 S.W.2d 44 (Tex.Civ.App.1968); *Windscheffel v. Wright*, 187 Kan. 678, 360 P.2d 178 (1961).

We do not find dispositive on this issue, as the Bank contends, the holding in *In re Estate of Colman, supra*, that an unqualified right to receive $5,000 upon request was a presently taxable event for purposes of inheritance tax. This holding, based upon the Inheritances and Successions Tax Law, § 39–23–101, et seq., C.R.S. (1982 Repl.Vol. 16B) which ceased to apply to estates of decedents dying after January 1, 1980, as did the settlor here, is not equivalent to concluding that a general power of appointment is property. *See also People v. Cooke*, 150 Colo. 52, 370 P.2d 896 (1962) (for purpose of estate and inheritance taxation, power to dispose of property equivalent to ownership).

Consequently, we conclude that because a power of appointment is not property or a property right, such power is not a garnishable asset under § 13–54.5–103(2).

However, we are not convinced that the trial court ordered garnishment of the power of appointment as contended by the Trust. The trial court ordered surrender of the property which was subject to Virginia Harsh's power, *i.e.*, the sum of money which she had a right to request. Such money, if it is indeed the property of Virginia Harsh, is clearly subject to garnishment. *See* § 13–54.5–103(2). Therefore, we must consider whether the funds to which she was entitled upon written request, but for which no such request had been made, are in fact her property, merely held by the trust.

When a donor gives to another the power of appointment over property, the donee of the power does not thereby become the owner of the property. *Shattuck v. Burrage*, 229 Mass. 448, 118 N.E. 889 (1918). Rather, the appointee of the power, in its exercise, acts as a "mere conduit or agent for the donor." *Holzbach v. United Virginia Bank*, 216 Va. 482, 219 S.E.2d 868 (1975). The appointee, having received from the owner of the property instruction as to how the power may be utilized, possesses nothing but the authority to do an act which the owner might lawfully perform.

Thus, title to property over which the appointee has power remains in the donor until altered by the exercise of the power within any limitations set out by the donor. Here, Virginia Harsh could have exercised her power of appointment, by written request, to alter title to the subject funds, thereby removing them from the Trust and vesting title in herself. She did not do so, and the power retains the character of an offer which has not been accepted. And, "[u]ntil accepted, the person to whom the offer is made has not, nor can he have, the slightest interest in, or title to, the property." *Gilman v. Bell*, 99 Ill. 144 (1881).

Hence, we conclude that until Virginia Harsh properly exercises her power of appointment, the trustee retains absolute control and benefit of the Trust corpus within the terms of the trust instrument. Accordingly, Virginia Harsh, absent exercise of the power granted to her, has no property held by the Trust susceptible to garnishment.

## II.

■ The Trust further contends that the trial court erred in its conclusion that the spendthrift provision of the Trust failed to prevent garnishment by creditors. We again agree.

The Trust instrument provides:

"The interest of the beneficiaries shall not be subject to assignment, alienation, pledge, attachment, or the claims of their creditors. This provision shall not prevent the exercise of, or transfer pursuant to the exercise of, any right of disclaimer or power of appointment granted in this agreement or under any rule of law."

■ The validity and enforceability of spendthrift provisions in this state is not disputed. And, the Bank is correct in its assertion that the intent of the settlor at the time the clause was drafted will govern just what is protected by a spendthrift clause. *Meier v. Denver U.S. National Bank*, 164 Colo. 25, 431 P.2d 1019 (1967).

The Bank maintains that, although the provision manifests an intent to exclude claims by creditors of the beneficiaries, it clearly excepts any benefit to be received pursuant to the exercise of a power of appointment. Again, the Bank is correct. However, the exception noted by the Bank is conditioned upon the *exercise* of the power of appointment. Here, it is undisputed that Virginia Harsh, the holder of the power, did not, by written request as required, exercise her power to appoint a portion of the trust corpus to herself or to anyone else.

The Bank relies upon *Brent v. State of Maryland Central Collection Unit*, 311 Md. 626, 537 A.2d 227 (1988) and *First National Bank v. First Cadco Corp.*, 189 Neb. 734, 205 N.W.2d 115 (1973) for the proposition that once a beneficiary has the right to income or principal, that income or principal belongs to the beneficiary and is reachable by creditors. Therefore, it asserts that the fact that Virginia Harsh had not exercised her power to receive funds was immaterial.

We do not agree. Rather, we rely upon the more fundamental common law principle that property subject to a donee's general power of appointment is available to his creditors only if the power is exercised. G. Bogert, *Trusts & Trustees* § 233 (rev. 2d ed. 1977); Annot., 18 A.L.R. 1470 (1922). Further, the donee of such a power may not be compelled to exercise it, nor may his creditors acquire the power. IIA A. Scott, *Trusts* § 147.3 (4th ed. 1987).

We find persuasive the similar case of *Snyder v. O'Conner*, 102 Colo. 567, 81 P.2d 773 (1938). There, the supreme court found the order of the district court to award trust assets to a judgment creditor in spite of a spendthrift provision to be an interference in an independent action and "repugnant to the notion of fundamental judicial regularity." Such action would, the court felt, result in the probate court becoming a "clearing house for collections" and would turn that court into a "public collection agency."

Accordingly, because Virginia Harsh has not exercised her power of appointment and because the trial court may not, in effect, exercise it in her stead, she possesses no garnishable interest in assets which remain the property of the Trust. Further, the spendthrift provision here prevents invasion of Trust property for the benefit of her creditors.

The judgment is reversed.

PLANK and JONES, JJ., concur.