**In re Frank H. GOWER, Jr., a/k/a Frank Herbert Gower, Jr., a/k/a Bud Gower, Debtor.**

**Bankruptcy No. 94–8036–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 28, 1995.

Philip L. Burnett, Ft. Myers, FL, for debtor.

John D. Emmanuel, Tampa, FL.

### ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ON OBJECTION TO EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is Cross Motions for Summary Judgment on Objection to Exemption which have been filed by Creditors A.G. ANDRIKOPOULOS, GEORGE A. SEIFERT, AND JOHN E. DUNN AND MARJORIE O. DUNN, as Trustees of the Dunn Trust, (hereinafter collectively referred to as the "Creditors"), and by the Debtor, FRANK H. GOWER, JR. The undisputed facts relevant to the resolution of this controversy record are as follows.

The Debtor's father, who is now deceased, was the settlor of the Frank H. Gower Trust which was created and executed in Colorado on July 20, 1967. The trust agreement was amended in its entirety by the Sixth Amendment to Frank H. Gower Trust on July 13, 1973, and was subsequently further amended by the Seventh Amendment on May 30, 1975, and the Eighth Amendment on June 22, 1975.

Article 1–10.1 of the trust agreement is titled "INCOME AND PRINCIPAL DISTRIBUTIONS TO SETTLOR'S SON." This section is testamentary in nature and provides in pertinent part:

From and after the settlor's death the trustee shall pay to, or apply for the benefit of, the settlor's son, Frank H. Gower, Jr., during his life such amount or amounts of net income or principal, or both, of this trust as the trustee (other than the settlor's son) in its discretion may determine to be necessary or advisable to provide for his support, maintenance, health, comfort and welfare, after taking into account his other assets and sources of income. As a guide to the trustee in exercising its discretion under this 1–10.1, it the settlor's desire that his son be provided from the

trust with distributions during each calendar year from trust income or principal or both of amounts which will provide his son, after considering his son's other income, with at least $50,000.00 net income ...

The discretionary nature of the income distribution to the Debtor is further evidenced by Article 1–10.3 which provides that any income not distributed under 1–10.1 during the lifetime of the settlor's son shall be accumulated and added to trust principal.

The trust agreement also contains a spendthrift clause which seeks to protect the trust from the reach of the beneficiaries' creditors. The relevant portion of Article 3–13 provides:

> No beneficiary shall have any right to anticipate, transfer or encumber any part of his interest in the trust estate nor shall any part of his interest be liable for his debts or obligations (including alimony) or be subject to attachment, garnishment, execution, creditor's bill or other legal or equitable process ...

The Debtor filed a Chapter 11 bankruptcy petition in this court on August 18, 1994. In the Schedule of Property Claimed as Exempt filed with this court on September 2, 1994, the Debtor included as exempt property the discretionary income from the Frank H. Gower Trust, scheduled as $8,000.00 per month. According to the Debtor, the trustee is currently disbursing $8,000.00 per month to the Debtor, the same monthly amount which has been regularly disbursed for the past several years. The Debtor claims this monthly stream of income is exempt by virtue of the spendthrift trust provision in the trust agreement and section 541(c)(2) of the Bankruptcy Code. Section 541(c)(2) provides that a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a bankruptcy case.

The Creditors' objection to this claimed exemption based on section 541(a)(5)(A) of the Code which provides that property of the estate includes:

> Any interest in property that would have been property of the estate if such interest had been as interest of the debtor on the date of the filing of the petition, and that

the debtor acquires or becomes entitled to acquire within 180 days after such date—

> (A) by bequest, devise, or inheritance;

Accordingly, because the $8,000.00 monthly payments result from a testamentary bequest, the Creditors contend that property of the estate properly includes those payments received by the Debtor within 180 days of the date the petition was filed. The Creditors do not contest the validity of the spendthrift trust provision, but contend that income paid to a beneficiary is no longer subject to the protection of the spendthrift provision.

■ Because the Frank H. Gower Trust was created and is administered in Colorado, this court must look to Colorado nonbankruptcy law to determine what protection is provided under section 541(c)(2) of the Code. *Spindle v. Shreve*, 111 U.S. 542, 547, 4 S.Ct. 522, 524, 28 L.Ed. 512, 513 (1884). The validity of a spendthrift trust provision was recognized by Colorado's Supreme Court in *Snyder v. O'Conner*, 102 Colo. 567, 81 P.2d 773 (1938). Colorado has no statutory provisions regulating the existence of spendthrift trusts. Such trusts are therefore governed exclusively by common law. *In re Portner*, 109 B.R. 977, 987 (Bankr.D.Colo.1989).

The Tenth Circuit Court of Appeals recently explained the legal effects of a common law spendthrift trust. "Under the common law '[a] spendthrift trust ... does not involve any restraint on alienability or creditors' rights with respect to property after it is received by the beneficiary from the trustee, but rather is merely a restraint with regard to his right to future payments under the trust.' " *Guidry v. Sheet Metal Workers Int'l Ass'n, Local 9*, 10 F.3d 700, 707 (10th Cir.1993) (quoting George T. Bogert, *Trusts*, § 40 at 148–49 (6th ed. 1987)). The court further explained:

> '[i]t has never been the object of the spendthrift trust to restrain the beneficiary from spending income or principal after it has been paid to him by the trustee, or to restrain his creditors from taking trust income or principal from him after he has obtained it from the trustee.'

*Id.* at 707 (quoting George T. Bogert, *Trusts*, § 40 at 149–50).

A case which is factually similar to the matter before this court is *In re Kragness*, 58 B.R. 939 (Bankr.D.Or.1986). In *Kragness*, the debtor was the income beneficiary of a testamentary trust which was already established at the time of the debtor's bankruptcy filing. The trust contained a valid spendthrift provision. Nevertheless, the court held that once income is paid to a beneficiary, the income so paid is no longer subject to the protection of the spendthrift provisions contained in the trust. *Id.* at 944.

The Debtor relies on *University National Bank v. Rhoadarmer*, 827 P.2d 561 (Colo. App.1991) to defend the challenged exemption. This reliance is misplaced. The beneficiary in *Rhoadarmer* had a noncumulative right to an annual withdrawal from the trust corpus. However, this discretionary right of withdrawal was not exercised. The court held that property subject to a donee's general power of appointment is available to his creditors only if the power is exercised. *Id.* at 563.

It is undisputed that the testamentary income distribution to be paid by the Frank H. Gower Trust to the Debtor is discretionary in nature. If the trustee had elected in his discretion to withhold the $8,000.00 monthly payments during the 180 days following the filing of the bankruptcy petition, then clearly *Rhoadarmer* would dictate that the creditors could not force a distribution. Further, the trust corpus would remain protected by the spendthrift trust provision. However, in contrast to *Rhoadarmer*, the discretionary distribution was paid out by the Gower Trust.

The facts before the court indicate that the trustee continued to make discretionary monthly payments of $8,000.00 to the Debtor during the 180 day period after the petition was filed. Thus, while section 541(c)(2) preserved the protected status of the spendthrift trust, any funds actually distributed by the trustee to the Debtor within 180 days of the filing of the bankruptcy petition are property of the estate under section 541(a)(5)(A).

In view of the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment on Objection to Exemption be, and the same is hereby, granted in favor of the Creditors. The Debtor's claim of exemption is therefore disallowed. To the extent that any monthly income distributions were actually paid to the Debtor by the Frank H. Gower Trust during the 180 days following the date of the petition, such funds are property of the estate and subject to administration by the Trustee.

DONE AND ORDERED.