**In re Elaine N. HUNTER, Debtor.**

No. 00–09316–9P7.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 19, 2001.

Leonard L. Liszewski, Fort Myers, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, trustee.

## ORDER ON TRUSTEE'S RIGHT TO RECEIVE TRUST INCOME

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Elaine N. Hunter (Debtor) is the claim of the Trustee that certain income received by the Debtor from the Revocable Indenture Trust of Wilbur E. Augustine (the Trust) which was received by the Debtor within 180 days after the commencement of this Chapter 7 case is property of the estate and subject to administration.

The Debtor's interest in this Trust, while it was somewhat obliquely scheduled as an asset without identifying the Trust and the value of her interest in the Trust, was not claimed by the Debtor as exempt on her Schedule C. On her Schedule C the Debtor merely claimed as exempt her homestead, her personal property under Article X, § 4, Fla. Const., and her equity in a 1998 Jeep Grand Cherokee pursuant to Fla.Stat. 222.25.

On August 14, 2000, the Trustee filed her Objection to Claim of Exemption contending that the personal property claimed as exempt exceeds the amount allowable under Fla. Const. Article X, Section 4, and that the equity in her Jeep also exceeded the amount allowed under Fla.Stat. 222.25. In due course, the Debtor filed her response to the Trustee's objection to the exemptions. In her response, the

Debtor denied the Trustee's contention that her claim concerning the personal property exceeded her entitlement to the exemption, and she also denied the Trustee's claim that the equity in her vehicle is more than is available under Fla.Stat. 222.25. Even though, as noted earlier, the Trustee did not challenge the Debtor's interest in the Trust, included in her Response the Debtor asserted that all of the income received from the Trust is not property of the estate, citing the case of *Roy v. Edgar (In re Edgar)*, 728 F.2d 1371 (11th Cir.1984).

On October 13, 2000, this Court entered an Order and sustained the Trustee's Objection to Claim of Exemptions and determined the Debtor's claim of exemption for personal property shall be limited to $1,000.00, and the value of her equity in the vehicle shall also be limited to $1,000.00. The Order further provided that the Debtor was granted the right to designate which specific assets she wishes to retain within the maximum exemption allowable under the law, and she was directed to surrender the remaining non-exempt assets to the Trustee for liquidation. The Debtor was also granted the option to enter into a stipulation to repurchase the value of the non-exempt property.

The Order further provided that the issue of the Trustee's right to administer the income distributed to the Debtor within 180 days of filing the Petition from the Trust would be decided by the undersigned after the parties submitted a joint stipulation of facts within 10 days from the date of the entry of the Order.

The parties stipulated to the following facts: the Debtor was not entitled to any Trust income until 1997, subsequent to the death of both her parents and prior to bankruptcy; the Debtor received $550 per month from the Trust; Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code on June 15, 2000; that the Debtor continues to be a recipient of net income and revenue from the Trust; that neither the Debtor nor her lineal descendants are entitled to principal, except in an emergency situation at the discretion of the corporate trustee; and that a spendthrift clause was established in the Trust per Item Nine of the Trust which provided that neither income from the corpus nor the corpus are liable for the debts of the beneficiary.

Considering the remaining issue, that is the Debtor's entitlement to keep the income received by her within 180 days after the commencement of the case, it should be noted at the outset that the Trust was established and administered in the State of Missouri. Thus, whether or not the Trust is qualified as a Spendthrift Trust must be determined with reference to the applicable law of the State of Missouri. *Spindle v. Shreve*, 111 U.S. 542, 547, 4 S.Ct. 522, 28 L.Ed. 512 (1884).

Missouri recognizes Spendthrift Trust provisions as valid and enforceable. *In re Davis*, 125 B.R. 242, 244 (Bankr. W.D.Mo.1991) (citing Mo.Rev.Stat. § 456.080). Under Missouri law, a Spendthrift Trust is one created for the support and maintenance of the beneficiary, and designed and intended by its creator to secure the Trust fund or Trust estate against the improvidence or incapacity of the beneficiary by protecting the same against its creditors and rendering it inalienable by the beneficiary before payment or termination according to the terms and conditions of the trust. *Gentemann v. Dyer*, 140 S.W.2d 75 (Mo.Ct. App.1940). A Spendthrift Trust may be created limiting the right of alienation and placing the proceeds of the estate beyond seizure by creditors during the life of the cestui que trust. *Dunephant v. Dickson*,

153 Mo.App. 309, 133 S.W. 165 (1910). A spendthrift provision should be upheld only as long as it contravenes neither a statute nor public policy. *Electrical Workers, Local No. 1 Credit Union v. IBEW–NECA Holiday Trust Fund,* 583 S.W.2d 154, 157 (Mo.1979).

■ This Court finds that the Trust is a valid Spendthrift Trust under Missouri law. Thus, the corpus of the Trust is not reachable by creditors, and, in turn, it is not subject to administration by the Trustee in this Chapter 7 case. *In re Hecht,* 54 B.R. 379 (Bankr.S.D.N.Y.1985), *aff'd,* 69 B.R. 290 (S.D.N.Y.1987); *McCauley v. Hersloff (In re Hersloff),* 147 B.R. 262 (Bankr.M.D.Fla.1992).

■ It is without serious dispute that the Debtor's entitlement to the Trust income was triggered by the death of her parents. Therefore, this Trust is a Testamentary Trust which, in turn, would bring into play Section 541(a)(5)(A). *See Newman v. Magill (In re Newman),* 99 B.R. 881 (C.D.Ill.1989), *aff'd,* 903 F.2d 1150 (7th Cir.1990); *In re Schauer,* 246 B.R. 384 (Bankr.D.N.D.2000).

However, this still leaves for consideration whether or not the income received by the Debtor from the Trust within 180 days is property of the estate, thus subject to administration by the Trustee. The Bankruptcy Code defines the term "property of the estate" in Section 541(a) in the broadest terms and includes all interest of the Debtor, legal or equitable, in which the Debtor had an interest on the date of the commencement of the case. However, under Section 541(a)(5), the Code also includes as property of the estate:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the petition, and that the debtor *acquires or becomes entitled to acquire* within 180 days after such date—(A) by bequest, devise, or inheritance;
>
> . . . .

11 U.S.C. § 541(a)(5)(A) (emphasis added).

The significant change dealing with the concept of property of the estate from the pre-code Bankruptcy Act of 1898 to the Code is evident when one compares the provisions of Section 70(a)(5) of the Act to the corresponding Section 541(a)(5)(A) of the Code. The rights of this Debtor to property under Section 541(a)(5)(A) are governed by whether the debtor acquired or became entitled to the property in question during the 180–day period following the filing of the Petition. The Bankruptcy Code avoids any reference to the term "vest" which was the test under Section 70(a) of the Bankruptcy Act of 1898. Under the old test, property acquired within 180 days of the filing of the petition was protected if the debtor's interest in the property "vested" prior to the petition being filed, thus, it did not come within the 180 day Rule.

The current Section 541(a) does not use the term "vest," but provides that any interest in property which the Debtor acquired or became entitled to acquire by bequest, devise or inheritance within 180 days after the commencement of the case is property of the estate.

The ultimate issue, which remains for resolution is the interpretation of the current version of Section 541(a)(5)(A) in light of the difference between it and the previous provisions in Section 70(a)(5) of the Bankruptcy Act. There is no question that the language has changed. The significance of this change in concept clearly indicates that the reliance of the Debtor on the case of *In re Edgar, supra,* is misplaced. The *Edgar* decision involved the interpretation of Section 70(a)(5) of the Bankruptcy Act of 1898, and the present

controversy is governed by Section 541(a)(5)(A) of the Bankruptcy Code. Thus, the decision in *Edgar* no longer represents the controlling law under the Code. *In re Kragness,* 58 B.R. 939 (Bankr.D.Or.1986); *In re Hersloff,* 147 B.R. 262 (Bankr.M.D.Fla.1992); *In re Gower,* 184 B.R. 163 (Bankr.M.D.Fla.1995).

In its reasoning, the *Kragness* Court cites *In re Hecht,* 54 B.R. 379 (Bankr. S.D.N.Y.1985) (holding that income payment debtor received from spendthrift trusts or was entitled to receive by terms of the trusts within 180 days of filing of debtor's bankruptcy petition constituted "bequests" and became property of debtor's estate under § 541(a)(5)(A)). The Bankruptcy Court for the Southern District of New York in *Hecht* also declined to follow *Edgar:* "If this Court were to follow the majority opinion of the Eleventh Circuit in *Roy v. Edgar,* it would be rewriting the law on spendthrift trusts by protecting from attachment by creditors income actually received by the beneficiary. The case law plainly shows that once income is in the hands of the beneficiary, it loses spendthrift trust protection." *In re Hecht,* 54 B.R. at 384 n. 5.

Based on the foregoing, this Court is satisfied that the income received from the Trust by the Debtor within 180 days after the commencement of the Bankruptcy case is property of the estate pursuant to Section 541(a)(5)(A) and subject to administration by the Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that funds received by the Debtor from the Trust within the 180 days post-bankruptcy filing be, and the same are hereby, property of the estate under Section 541(a)(5)(A) and subject to administration by the Trustee. The Debtor shall surrender and turn over all monies received by her from the Trust within 180 days from the date of the commencement of the case to the Trustee within 30 days of the date of the entry of this order.