**In re John M. HUNGER, Debtor.**

**Thomas S. Heidkamp, Trustee, Plaintiff,**

**v.**

**Nancy Galliher and Bankers Trust Company as Trustees of the John M. Hancock Trust, Defendants.**

**Bankruptcy No. 00–13671–9P7. Adversary No. 01–39.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Jan. 9, 2002.

Phillip J. Jones, Wilkins, Frohlich, Jones, Hevia, Russel, Port Charlotte, FL, for debtor/defendant.

Thomas S. Heidkamp, Fort Myers, FL, Chapter 7 Trustee.

Jeffrey W. Leasure, Leasure & Heidkamp, P.A., Fort Myers, FL, for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is an Amended Complaint filed by Thomas S. Heidkamp, Trustee (Plaintiff), against Nancy Galliher and Bankers Trust Company (Defendants). The Amended Complaint was further amended by stipulation of the parties to

add John M. Hunger (Debtor), as a Defendant.

The Amended Complaint seeks a determination from this Court that the interest of the Debtor in a certain John M. Hancock Trust (Trust), as established by the John M. Hancock Last Will and Testament (Will) dated August 19, 1955, is property of the estate pursuant to 11 U.S.C. § 541, subject to administration by the Plaintiff, and subject to turnover pursuant to 11 U.S.C. § 542. The parties entered into a Joint Stipulation as to Undisputed Facts and Exhibits (Stipulation), which can be summarized as follows:

Prior to the filing of this case, the Debtor was and still is the beneficiary of the Trust of which all of the Defendants are current trustees. The Trust maintains an account with Bankers Trust Company, for the benefit of the Debtor. Letters of Trusteeship were issued to Gordon C. Hunger, the Defendants and the Debtor on June 16, 1986. See Exhibit "A" to the Stipulation. Mr. Hunger has since died. Therefore, the current trustees are the Defendants and the Debtor. A true and correct copy of the Will, which established the Trust for the benefit of the Debtor, was admitted into evidence. See Exhibit "B" to the Stipulation.

It is undisputed that between the date of filing of the bankruptcy case, on September 1, 2000, and February 28, 2001, the Debtor received the sum of $10,876.86 from Bankers Trust Company as a distribution from the Trust. It is likewise undisputed that from March 1, 2001 to July 31, 2001, the Debtor received a total of $9,205.72 from Bankers Trust Company as a distribution from the Trust. Bankers Trust Company always sends a remittance check to the Debtor on the last business day of each month for an amount equal to the amounts earned by the corpus of the Trust.

There have been no amendments to the Trust as established by the Will. Bankers Trust Company makes investment recommendations to Ms. Galliher and the Debtor who approve or disapprove of the recommendations. The parties have further agreed that New York State law governs the Trust.

It should be noted at the outset that the Debtor remains a Trustee of the Trust since the Letters of Trusteeship were issued. It should also be noted that the Trust contains no valid enforceable spendthrift provision. The initial inquiry that must be addressed, of course, is the basic proposition, whether or not the Debtor's interest in the Trust under consideration became property of the estate on the date of the commencement of his bankruptcy case or excluded from property of the estate pursuant to Section 541(c)(2).

■■■ The concept "property of the estate" is defined by Section 541(a) of the Bankruptcy Code. This Section provides that upon commencement of a case an estate is created and the estate is comprised of—all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). The next relevant Section of the Code provides that in addition to the properties described in Section 541(a)(1), Section 541(a)(5)(A) provides that any interest in property which the debtor acquires or becomes entitled to acquire within 180 days from the commencement of the case by bequest, devise, or inheritance, is also property of the estate.

■■■ Considering the stipulated facts in this particular case, there is no question that the Debtor's interest in the Trust is not property of the estate. The term "property of the estate" has been broadly construed by the courts. The legislative history of this Section clearly indicates

that the sweep of this Section intended to include a broad range of property. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). However, Section 541(c)(2) provides that notwithstanding the broad reach of Section 541(a), properties in which the debtor has an interest is excluded from property of the estate if the restriction on the transfer of a beneficial interest of the debtor in a trust is enforceable under applicable non-bankruptcy law.

 The parties stipulated and it is well established that the legal character of a trust under consideration must be determined with reference to the state where the trust was created. *Spindle v. Shreve*, 111 U.S. 542, 547, 4 S.Ct. 522, 28 L.Ed. 512 (1884). The Trust under consideration was created in the State of New York, and is governed by the law of the State of New York. N.Y. Est. Powers and Trust Law § 7–1.5(a)(1) sets forth when a trust interest is inalienable. This section reads as follows:

(a) The interest of the beneficiary of any trust may be assigned or otherwise transferred, except that:

(1) The right of a beneficiary of an express trust to receive the income from property and apply it to the use of or pay it to any person may not be transferred by assignment or otherwise unless a power to transfer such right, or any part thereof, is conferred upon such beneficiary by the instrument creating or declaring the trust.

N.Y. Est. Powers and Trust Law § 7–1.5(a)(1)(re-enacting N.Y. Real Property Law § 103 and Personal Property Law § 15). This Section took effect in 1976 and applies only to persons living on or after its effective date. *See Glinka v. Graham (In re Graham)*, 1989 WL 90534 (Bankr.D.Vt.1989). In *Graham*, the bankruptcy court determined however, that un-

der the applicable law governing trust instruments at that time (prior to 1967), N.Y. Real Property Law § 103 and Personal Property Law § 15, it too provided for when a trust interest could be inalienable.

Paragraph 8(F) of the Trust provides that *only* the Settlor's wife, Ida Mary Hancock, or the Settlor's daughter, Ruth Hancock Hunger, has a right to invade the principal of the Trust (emphasis added). Although the daughter and now the Debtor is one of the trustees, they do not have the right to participate in the decision to invade the principal of the Trust.

This Court had the opportunity to consider a similar issue in the case of *In re Hunter*, 261 B.R. 789 (Bankr.M.D.Fla. 2001). The trust in *Hunter* was established under the laws of the state of Missouri. This Court found that the trust under consideration was a valid spendthrift trust under Missouri law. Under the controlling law, this Court is satisfied that the Debtor's interest in the Trust, as such, comes within the exception of Section 541(c)(2), and is not property of the estate. Thus, it is not subject to administration by the Plaintiff. However, this conclusion does not resolve the next issue, which is, whether or not the distribution received by the Debtor after the commencement of the case and within the 180 days becomes property of the estate by virtue of Section 541(a)(5).

 The Trust is a testamentary trust, and thus clearly falls within the provisions of Section 541(a)(5)(A). It is equally without question that the Debtor acquired and became entitled to the distribution in question within the 180-day period after the commencement of the case. Under the pre-Code law, Section 70(a)(b) of the Bankruptcy Act of 1898, the predecessor of this Section, the controlling time was when the

Debtor became "vested" with the interest. The current version does not use the term "vested" but instead uses the terms "acquires" or "becomes entitled" to receive. Although the Trust was established in 1955, the Debtor did not acquire or become entitled to any distribution until the trustees actually made a distribution post-petition. From this it follows that while the Debtor's interest in the Trust, as such, is excluded from property of the estate, the distribution actually received within 180 days is property of the estate and subject to administration by the Plaintiff, and must be turned over by the Debtor.

■ The remaining issue for consideration is whether or not the Plaintiff is entitled to a minimum of 10% of any and all subsequent distributions to the Debtor, post-petition. Under applicable New York law, as discussed in detail in the case of *In re Cameron*, 223 B.R. 20 (Bankr.S.D.Fla. 1998), creditors are entitled to recover at least ten percent of all trust income and principal payments received by a debtor until the recovery sought is satisfied. New York Civil Procedure Law and Rules § 5205. Specifically, this Rule provides in relevant part as follows:

(c) Trust exemption. 1. . . . all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

(d) Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:

1. ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision (c).

N.Y.C.P.L.R. § 5205(c) and (d). The amount that the Chapter 7 trustee is entitled to is determined by the application of N.Y.C.P.L.R. § 5205(d)(1). *See McCracken v. Manufacturers Hanover Trust Company (In re Vogel)*, 16 B.R. 670 (Bankr.S.D.Fla.1981)(applying this Rule to determine the amount of monies to be received by the bankruptcy trustee). This rule became effective in 1963.

■ In *Cameron* and *Vogel*, the trusts at issue were created after the effective date of this rule. The trust in *Graham* was created prior to its enactment, and is similar to the case at hand. In *Graham*, the court indicated that a final evidentiary hearing had to be held to determine the amount that would be subject to administration. In *Graham*, the issue was not raised as to whether or not the trust was subject to N.Y.C.P.L.R. § 5205 because it pre-dated the Rule. The general rule of law is that absent clear legislative intent to contrary, a law is presumed to act prospectively only, with certain exceptions. One exception is that if a law is remedial in nature or relates only to modes of procedure which do not create new or take away vested rights, the prohibition against retroactive application does not apply. *See In re Aloma Square, Inc.*, 85 B.R. 623 (Bankr.M.D.Fla.1988), *see also Longines-Wittnauer Watch Co. v. Barnes & Reinecke*, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965); McKinney's Cons.Laws of N.Y., Book 1, Statutes § 51[b], [d]; *Jacobus v. Colgate*, 217 N.Y. 235, 111 N.E. 837 (1916); *Becker v. Huss Co.*, 43 N.Y.2d 527, 402 N.Y.S.2d 980, 373 N.E.2d 1205 (1978). There appears to be no published opinions analyzing the legislative intent behind the enactment of N.Y.C.P.L.R.

§ 5205(d). In accord with the *Graham* decision, this Court is satisfied that it is appropriate to schedule a final evidentiary hearing to resolve the remaining issue: The additional percentage that Plaintiff would be entitled to based upon the test set forth in the Rule. See *Vogel, supra,* for the application of this Rule regarding the Debtor's reasonable needs test. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's interest in the Trust be, and the same is hereby, excluded as property of the estate by virtue of 11 U.S.C. § 541(c)(2) restriction on transfer, and thus the Debtor's interest in the Trust is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). It is further

ORDERED, ADJUDGED AND DE-CREED that the distribution received by the Debtor from the Trust, within the 180 days post-bankruptcy filing, in the amount of $10,876.86 be, and the same is hereby, determined to be property of the estate pursuant to 11 U.S.C. § 541(a)(5)(A), and subject to the administration by the Plaintiff. The Debtor shall surrender and turnover the sum of $10,876.86 to the Plaintiff within 30 days from the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that a pre-trial conference shall be held on January 31, 2002, beginning at 10:30 a.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, to consider the issue regarding the Plaintiff's percentage entitlement to the income of the Debtor generated by the Trust post-petition. It is further

ORDERED, ADJUDGED AND DE-CREED that a separate final judgment shall be entered in accordance with the foregoing.